IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | CASE NO. 3:22-cv-00831 |
| | ) ) | **COMPLAINT** |
| v. | ) ) ) | Jury Trial Demanded |
| KEYSTONE RV COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Brandon Meeks ("Meeks"). As alleged with greater particularity in paragraphs 12-22 below, the Equal Employment Opportunity Commission ("Commission") alleges that Defendant Keystone RV Company ("Defendant Employer") violated the ADA when it refused to provide Meeks a reasonable accommodation of about a week of leave and then terminated Meeks because of disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

§ 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, South Bend Division.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.   At all relevant times, Defendant Employer, a Delaware foreign for-profit corporation, has continuously been doing business in the State of Indiana and in the City of Wakarusa, and has continuously had at least 15 employees.

5.   At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6.   At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Meeks filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8. On June 22, 2022, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. Between August 8, 2022 and August 10, 2022, the Commission engaged in communications with Defendant Employer to provide the opportunity to remedy the discriminatory practice described in the Letter of Determination referenced above in paragraph 8.

10. On August 18, 2022, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since about November 15, 2019, Defendant Employer engaged in unlawful employment practices at its Wakarusa, Indiana facility in violation of Sections 102(a), 102(b)(1), 102(b)(3)(A), and 102(5)(A) of Title I of the ADA, 42 U.S.C. § 12112.

13. During the relevant time, Meeks was a qualified individual with a disability under the ADA. Meeks suffers from cystinuria, a rare, chronic, and painful kidney stone disease that sometimes requires surgical intervention. Cystinuria is a permanent disorder that causes Meeks's body to produce too much cystine in his urine, which in turn creates episodic golf-ball-sized kidney stones that cause debilitating pain. This impairment substantially limits the operation of Meeks's urologic, waste-eliminating major bodily function and also substantially limits other major life activities such as walking, standing, lifting, self-care, eating, and sleeping. Meeks worked as a painter for Defendant Employer. With the reasonable accommodation of about a week of unpaid leave and the modification of Defendant Employer's no-fault attendance policy, Meeks was qualified to perform the essential functions of his painter position at Defendant Employer's facility in Wakarusa, Indiana.

14. Defendant Employer was aware of Meeks's impairment and resulting limitations.

15. Defendant Employer has a no-fault attendance policy which allows a maximum of six occurrences per year.

16. In November 2019, Meeks required medical assistance due to his disability and had to be transported to the hospital by ambulance. On or about November 15, 2019, Meeks needed to be excused from work to follow up with his doctor. Defendant Employer denied him that accommodation and charged him with his sixth attendance occurrence under its no-fault attendance policy.

17. In January 2020, Meeks requested a couple of days of leave for a surgical procedure to treat kidney stones caused by his impairment.

18. At the time of his request, Meeks had accumulated six attendance points, all but one due to his disability.

19. Defendant Employer denied Meeks's request for a reasonable accommodation of leave for his surgery in January 2020.

20. Defendant Employer failed to engage in the interactive process with Meeks.

21. On the day of his surgery, January 24, 2020, Defendant Employer assessed Meeks another attendance occurrence and terminated Meeks because of his surgery-related absence.

22. Meeks presented to his workplace on the day of his surgery and informed Defendant Employer he could return to work in 72 hours, but Defendant Employer had already terminated him.

23. The effect of the practices complained of in paragraphs 12-22 above has been to deprive Meeks of equal employment opportunities and otherwise adversely affect the terms and conditions of his employment because of his disability.

24. The unlawful employment practices complained of in paragraphs 12-22 above were intentional.

25. The unlawful employment practices complained of in paragraphs 12-22 above were done with malice or with reckless indifference to Meeks's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from employment practices that discriminate against employees on the basis of disability, including failure to provide modifications to its no-fault attendance policy and terminating employees who require reasonable amounts of leave because of their disabilities.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to engage in the interactive process to accommodate the known disabilities of its employees.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to make Meeks whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice.

E. Order Defendant Employer to make Meeks whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-22 above, including medical expenses, transportation costs, and housing expenses in amounts to be determined at trial.

F. Order Defendant Employer to make Meeks whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-22 above, including emotional distress, loss of enjoyment of life, loss of self-esteem, embarrassment, anxiety and inconvenience, in amounts to be determined at trial.

G. Order Defendant Employer to pay Meeks punitive damages for its malicious and reckless conduct, as described in paragraphs 12-22 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M. Street, N.E.
Washington, D.C. 20507


KENNETH L. BIRD
Regional Attorney

NANCY D. EDMONDS
Assistant Regional Attorney


/s/ Alysia Robben
Alysia Robben, Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Louisville Area Office
600 Dr. Martin Luther King Jr. Place
Suite 268
Louisville, Kentucky 40202
(502) 694-3976 (direct)
(502) 582-5435 (fax)
alysia.robben@eeoc.gov